## C. D. JACKSON & GILLISPIE v. THOMAS SHACKELFORD.

**Lien—Vendetioni Exponas—Writs Of—Evidence of Legal Levy.**

When the appellants, in the court below, fail to produce or require the appellee to file all the executions which had been issued, the presumption of an execution lien arising from the undenied allegation and proof that writs Vendetioni Exponas had been issued to sell the land, must be held to be sufficient evidence of a legal levy on it which operated as a lien.

**Subrogation—Discharge of Lien of Creditors.**

The payment to creditors of the amount of a lien on land, by advancements for the judgment debtor, entitles the person making such advances to subrogation to the lien of the creditors to the amount of the debts thus satisfied.

### APPEAL FROM M'LEAN CIRCUIT COURT.

### January 20, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

As writs of Ven.Ex. could not have been legally issued for selling Johnson's land unless it had been previously levied upon under fifa, the legal presumption, in the absence of any evidence to the contrary, must be that there had been such levy.

The appellants having failed to produce or require the appellee to file all the executions which had been issued, the presumption of an execution lien arising from the undenied allegation and proof that writs of Ven. Ex. had been issued to sell the land, must be held to be sufficient evidence of a legal levy on it which operated as a lien; and that lien is not shown to have been waived or lost. As the allegations and evidence sufficiently show that the appellee by advancing for Johnson about $700, discharged, as sheriff, all the execution debts except a small remnant still unpaid on the executions of the appellant he is entitled to subrogation to the lien of the creditors whose debts he thus satisfied.

The land was sold for the appellant's legally subject to that lien; and, being sold for more than was due and for only a small portion of it's value, the appellee, as substituted lien holder, had a right to have the sale set aside.

We perceive no essential error in the decree vacating the sale, nor in any other respect.

Wherefore, the judgment is affirmed.

*Owen, for appellant.*